U.S. DISTRICT COURT - N.D. OF N.Y.

FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK** SEP 3 0 2016

AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

Nakia Chaney      **Plaintiff(s)**

vs.

see typed list of defendants      **Defendant(s)**

**INMATE**
**CIVIL RIGHTS**
**COMPLAINT PURSUANT**
**PURSUANT TO**
**42 U.S.C. § 1983**

Case No. 9:__CV____

Plaintiff(s) demand(s) a trial by: ✓ JURY ____ COURT   (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

**JURISDICTION**

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

**PARTIES**

2. Plaintiff:   Nakia Chaney  15A3032

   Address:   Mid State C.F

   Box 2500

   MARCY, NY 13403

Additional Plaintiffs may be added on a separate sheet of paper.

3. a.   Defendant:   see typed pages Alan Bell

   Official Position:   Niskyana Police

   Address:   one Niskayana circle

   Schnety ny 12509

b.    Defendant: _See typed paper_

    Official Position: _____

    Address: _____

    _____

    _____

c.    Defendant: _See typed paper_

    Official Position: _____

    Address: _____

    _____

    _____

Additional Defendants may be added on a separate sheet of paper.

4. PLACE OF PRESENT CONFINEMENT

a.    Is there a prisoner grievance procedure at this facility?

    __✓__ Yes    _____ No

b.    If your answer ro 4a is YES, did you present the facts relating to your complaint in this grievance program?

    _____ Yes    __✓__ No

    If your answer to 4b is YES,

    (i)    What steps did you take? _____

    _____

    _____

    (ii)    What was the final result of your grievance? _____

    _____

If your answer to 4b is NO - why did you choose to not present the facts relating to your complaint in the prison's grievance program? _____ *N/A* _____

_____

_____

c.   If there is no grievance procedure in your institution, did you complain to prison authorities about the facts alleged in your complaint?

_____ Yes                    _____ No

If your answer to 4c is YES,

(i)    What steps did you take? _____

_____

_____

(ii)   What was the final result regarding your complaint? _____

_____

If your answer to 4c is NO - why did you choose to not complain about the facts relating to your complaint in such prison? _____

_____

5.   PREVIOUS LAWSUITS

a.   Have you ever filed any other lawsuits in any state and federal court relating to your imprisonment?

___✓ Yes                    _____ No

b.   If your answer to 5a is YES you must describe any and all lawsuits, currently pending or closed, in the space provided below.

For EACH lawsuit, provide the following information:

i.   Parties to previous lawsuit:

Plaintiff(s): _____ Nakia Chaney _____

Defendant(s): _____ Chaney v. trackenburg _____

ii.    Court (if federal court, name District; if state court, name County):

_____

iii.    Docket number: _9:15 CV - 08653_

iv.    Name of Judge to whom case was assigned: _Andrew T. Baxter_

v.    Disposition (dismissed? on appeal? currently pending?): _/_

vi.    Approximate date of filing prior lawsuit: _____

vii.    Approximate date of disposition: _____

6.                              **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights.  List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY
defendant in your complaint.** (You may use additional sheets as necessary).

_____ sertyfet pajes attached _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

7.                              **CAUSES OF ACTION**

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

See typed pager

### SECOND CAUSE OF ACTION

See Typed pager

### THIRD CAUSE OF ACTION

See typed pages

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAKIA CHANEY,    PLAINTIFF

VS.

ALBANY POLICE DEPARTMENT
STEVEN KROKOFF, ALBANY POLICE CHIEF
SCOTT GAVIGAN, BADGE # 1826
GORLESKI, BADGE#2232
KOON, BADGE#1952
KEVIN MEEHAN#2407
JOHN DOE BADGE#889
SHERRIF CRAIG APPLE, ALBANY COUNTY JAIL
CITY OF ALBANY
UNKNOWN JOHN DOES AT ALBANY COUNTY JAIL
UNKNOWN JOHN DOES FROM THE ALBANY POLICE
VANHOESEN, BADGE#291, SCHENECTADY COUNTY JAIL
REAULO, BADGE#248, SCHENECTADY COUNTY JAIL
SINATRA, BADGE#270, SCHENECTADY COUNTY JAIL
UNKNOWN JOHN DOES AT THE SCHENECTADY COUNTY JAIL

SCHENECTADY COUNTY SHERRIFF BADGE# SCP 065

UNKNOWN JOHN DOES FROM SCHENECTADY SHERRIFF

Alan Bell, Niskayuna police

INMATE CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 U.S.C. SECTION 1983
CASE NO. _____

A) Defendant Vanhosen Badge#291 of the schenectady county sherriff department performed an unlawful admission visual body cavity search on plaintiff for the following dates of August 8, 2014, August 15, 2014 and September 5, 2014.

b) Defendant Reaulo Badge# 248 of the schenectady sherriff department performed an unlawful admission visual body cavity search on August 29, 2014.

C) Defendant Sinatra badge#270 of the schenectady sherriff department performed an unlawful admission visual body cavity search on October 17, 2014.

D) Defendants John Does of the schenectady county sherriff department performed unlawful admission visual body cavity searches on the dates of December 28, 2013, May 8, 2014, August 1, 2014, and May 7, 2014. Plaintiff seeks the names of the john does who worked the booking areas on the above dates.

E) Defendant SCP # 065 used excessive forced by throwing the Plaintiff to the ground and tasering plaintiff while already in handcuffs on the date of december 28 2013 and this defendant worked for the schenectady county sherriff department. The plaintiff was also denied medical attention after being unlawfully tasered.

F) Defendant Badge#889 of the albany police department used excessive force by tackling this plaintiff to the ground and handcuffing plaintiff as he tried to the enter the store on central ave on the night of August 14, 2014. Defendant Badge# 889 of the albany police department

lacked probable cause for any excessive, arrest, stop, or frisk that was conducted on August 14, 2014. This incident took place at gun point and in the end the plaintiff was released at the scene and never charged with a crime. During this encounter on August 14, 2014 the plaintiff was humilated as both of his private areas were searched in the public without probable cause. Defendant Badge# 889 had no justification to place his hands into the plaintiff pants to conduct any searches.

G) On August 14, 2014, after the Plaintiff was unlawfully searched by badge#889, Detective Scott Gavigan and members of his unit arrived on the scene and performed there own search of plaintiff private areas. Defendant scott gavigan did not have probable cause to put his hands into the plaintiff pants to perform any search. There was no justified reasons for this search and the plaintiff was released on the scene and his vehicle unlawfully towed by the albany police department.

H) Defendant scott gavigan, Defendant gorleski, defendant koon, and defendant Kevin Meehan of the albany police department used excessive force on October 13, 2014 when they roadblocked plaintiffs vehicle at gun point and strong armed plaintiff facedown in the middle of interstate I-90. After the plaintiff was handcuffed the defendant scott gavigan search both of plaintiff private areas and so did defendant koon. Neither of these defendant had probable cause to forcibly search plaintiff underwear in that manner in the public. Upon arriving at the station house the defendant scott gavigan ordered the plaintiff to strip search while flanked and surrounded by defendants Gorleski, Koon, and Kevin Meehan.

Defendant scott gavigan ordered the visual body cavity search while the other defendants participated by shining there flashlights up plaintiff anus, collecting and search each clothing item the plaintiff took off.

I) Defendant Craig Apple of the albany county jail and other John Does conducted unlawful visual body cavity searches on the dates of October 14, 2014, October 17, 2014, June 20, 2014, July 9, 2014, and other dates I cant remember. These unlawful visual body cavity searches also took place prior to going to court and upon every court return.

J) Defendant Scott Gavigan of the albany police department also falsified the arrest report/accusatory instrument on October 13, 2014 by alleging the red jacket found in the trunk belonged to this plaintiff as opposed to the driver who owned the vehicle. Defendant scott Gavigan also violated plaintiff rights to due process as the perjured arrest report/accusatory instrument did not meet the requirements of CPL 100.40 and CPL 100.15 as defendant scott gavigan failed to provide any facts to support his conclusory statements that the red jacket be belonged to this plaintiff as opposed to the driver who owned the vehicle.

K) Defendants City of Albany, Defendants County of Albany, Defendants albany County Police chief Steven Krokoff, and Defendants Albany County Dsitrict Attorney all these defendants created a blanket policy that led to various violations of plaintiff constitutional rights as a result of failure to discipline, lack of training or failure to hold accountable for intentional acts or other acts that were forseeable.

L) Defendant scott gavigan also used an unlawful GPS tracking device to track several of plaintiff vehicles without a warrant or probable cause. Defendant scott gavigan also used a device without a warrant that GPS tracked plaintiff location through his cell phone in violation of the NYS and US Constitution.

M) Defendant Alan Bell of the Niskayuna police department requested defendant scott gavigan use the unlawful GPS tracking device. Defendant Alan Bell controlled the GPS device in the town of Niskayuna and defendant scott gavigan covered the GPS device for the albany police without a warrant out or probable cause.

N) Defendant Steven Krokoff albany chief of police failed to implement a policy as a check and balance to detect perjury within the arrest reports or accusatory instruments. Defendant Steven Krokoff failed to discipline and hold the officers accountable that intentionally committ perjury within the arrest reports/accusatory instrument or when testifying at suppression hearing and/or trials. Defendant steven krokoff failed to train officers as to the requirements of CPL 100.40 and CPL 100.15 and hold those accountable who failed to meet the requirement. Defendant Steven Krokoff created a blanket policy that allowed his officers to committ perjury within arrest reports and at trial/suppreession hearings as they would not be held accountable. Defendant Steven Krokoff created a blanket policy that allowed his officers to violate a plaintiff procedural due process rights by committing perjury and filing false reports. Defendant steven krokoff failed to implement a policy that screened all arrest reports/ accusatory instruments for facial and jurisdictional defects prior to infringing upon a plaintiff due process **liberty rights.** Defendant steven krokoff created a blanket policy that allowed all officers to arrest a plaintiff in the absence of probable cause and in the absence of a procedure that detects perjury, facial sufficiency or jurisdictional defects or the factual requirements of CPL 100.40 and CPL 100.15 prior to infringing upon p½laintiff procedure due process liberty rights.

O) Paragraph N above applies to defendants City of Albany, County of

albany, District Attorney of albany, all likewise created a custom
and policy that allowed the officers to get away with perjury within
arrest reports/accusatory instruments, trials and suppression hearings
as the officers are never held accountable or disciplined. This
blanket policy allowed the officers to infringed upon plaintiff
procedural due process liberty rights without being held accountable.
These defendant s also allowed the officers to intentionally violate
CPL 100.40 and CPL 100.15 as there are never any facts listed in any
accusatory instrument to support the officers conclusory belief which
clearly violates plaintiff due process liberty rights as the instrument
dated October 13, 2014 failed to satisfy the requirements and as a
result was jurisdictionally defective. The failure to train, discipline
or implement a policy to detect perjury or arrest reports that failed
to meet the requirements of CPL 100.15 and CPL 100.40 amounted to
deliberate indifference to the rights of plaintiff.

P) As to the defendants Albany County district attorney, Defendant
steven krokoff albany chief of police, City of albany, and County of
albany, there were several complaints filed some substantiated and other
were not. Irrespective of the ones that were not we must consider the
fact that pro se defendants without a lawyer often are not allowed to
prove there cases without a lawyer or private investigator. This
plaintiff rights to equal protection of law and due process were
violated as no steps or policies were implemented to prevent unlawful
stops, frisks without probable cause or the filings of perjurous
police reports that lead to unwarranted malicious prosecution or
deprivation of plaintiff due process liberty rights. The above defendants
created this blanket policy/custom as a result of their failure to
discipline, train or hold accountable.

Q) There are no albany police or district attorney departmental records
indicating a disposition of perjury charges against defendant scott
gavigan  for breaking a plaintiff ankles in the case of Henry v. City
of Albany(2011)      or unlawfully searching a home without a
warrant in the case of People v. Horne(see article Times union paper 2-17-15
This is clear evidence of a failure to train, discipline, and hold
accountable.

R) The defendant albany county district attorney David Soares created a blanket policy as no police officer has been held accountable by his office in regards to perjury, stops or frisks without probable cause, searching both private areas without a warrant, filing accusatory instruments that failed to meet the requirements of CPL 100.40 and CPL 100.15, infringing upon plaintiff due process liberty rights. Defenfant david soares also prosecutes in the absence of the jurisdictional requirement of CPL 100.40 and CPL 100.15 as there are never no factual allegeations used insupport of the albany police conclusory allegations.

S) The defendant david soares must be held accountable as plaintiff filed a CPL 440 motion arguing these claims that violated his due process liberty rights. These officers must be held accountable for forcibly searching my private areas in the public and again at the station house both on August 14, 2014 and again on Octber 13, 2014.

T) Likewise the defendants city of albany, albany police chief are also liable for the searches as they failed to train and discipline allows these incidents to reoccurr. No officer should be allowed to place his hands into plaintiff pants and not be charged with rape or some form of misconduct.

u) Defendant Scott Gavigan of the albany police also seized 5,832 from this Plaintiff who have yet to receive a voucher or notification of forfeiture proceedings. Nothing was ever mentioned in court and I hereby request return of my money confiscated. Plaintiff asserts a claim of conversion(8 ny3d 43(2006).

1) The police chief of the albany police, City of albany, District
attorney, all has created unwritten policies and customs under which
unconstitutional practices have occurred, including but not limited to,
the filing of perjurous reports, unlawful stops and frisks, the illegal
seizure of plaintiff, and the deprivation of plaintiffs right to due
process and equal protection uncer the law.
2) The police chief was grossly negligent in supervising subordinates,
including but not limited to scott gavigsan and as a result of his grossly
negligent supervision, Plaintiff constitutional rights were violated.
3) City of albany under a common law theory of negligent hiring, retention,
and/or supervision, and a monell theory of failure to train or supervise.

3)Plaintiff sues all defendants under a common law theory of negligence
asserting that the defendants, their agents, servants, and/or employees
were negligent, reckless and carelessin the ownership, operations,
maintenance, control, possession .
4) Plaintiff sues all defendants asserting that their conduct deprived him
of the rights, privileges and immunities secured by the constitution
of the stae of new york and the united states constitution, including
but not limited to Plaintiffss rights to be free from improper seizure,
unlawful frisks, perjuruos complaints, and to enjoy the equal protection
of law and be afforded his due process protections
5) describe seizure such threatening presence of several officers, the
display of a weapon, physical touching of the person by the officer, the
language or tone indicating compliance with the officer was compulsory
6) Argue selective enforcement under 1983, I must prove that I was treated
differently from other similiarly situated indiviuals such as white people in
a white neighborhood(2) that such differential treatment was based upon race
 and punish the exercise of constitutional rights
7) At all all times all defendants acted under color of state law and
there conduct deprived plaintiff of several rights, privileges and
immunities guaranteed by the constition both.
8) Failure to intervene,

9) Request discovery...

    I request discovery of every reported incident and/or arrest, which occurre
occurred during the 10 years prior to the arrest of plaintiff, which
invilved a complaint unlawful stop, unlawful frisks, perjurous reports,
unlawful cavity search in the apprehension of the suspected criminal and/or
bystanders. This request will also include a list of the Notice of claims
filed during that ten year period and a list list of any lawsuits that
were served on any defendants listed herein, any other members of that
police department,, city of albany, disrtict attorney, and any pending
cases or record, plaintiff is confident that the list of occurrences
will be extensive.

10) That once the discovery information is obtained, together with copies
of the paperwork relative to each alleged occurrence, depositions of the
decision makers of the albany police dept. and the city of albany and
the district attorney, will be conducted to determine the training
procedures that were implemented with respect to unlawful stops, frisks,
perjurous reports, cavity serachers, what discipline was ordered for the
police officers who were proven to unlawfully frisks, stop, etc.,
what remedial measures were taken to see that unlawful frisks, etc.
did not reoccur, whether the policy was strictly enforced.

11) That once this discovery process is completed, Plaintiff is confident
that the required deliberate indifference to the use of unlawful stops
etc. by the decision makers will be produced for the court to evaluate.

12) That to decide this motion at this stage of litigation withoutthe
required appropriate discovery would be unfair, unjust, and essentially
deprive plaintiff of the protection of the laws which were created to
address the serious injuries that the plaintiff has suffered.

13) That the plaintiff request assignment of counsel and a private
investigator to professionally draft and prevent hhe the facts of proof.
This court knows a pro se petitioner is a layman in the law and often
our arguments are dismissed because we can not professionally write or
sufficiently explain the facts. Also we are held accountable for not
knowing or understanding the law. If an attorney was assigned I beleive
we will have a better success rate and more accountability. The defendant
should not be allowed to escape accountability because the plaintiff did
not attent law school.

14) To hold the city liable under 1983 for the unconstitutional actions of its employees, a pliantiff is required to plead and prove three elements(1) an offical policy or custom that(2) causes the pliantifff to be subjected to(3) a denial of a constitutional right. Where a municipality, through its officals, acquiesces in a pattern of illegal conduct, an offical policy will be perceived.

15) Moreover, gross negligence or deliberate indifference in failing to train or supervise police officers may give rise to liability on part of a municipality or its supervising officals for police misconduct, but a causal link between the failure to train or oversee and the constitutional violation must be demonstrated

16) My due process rights have been violated as the false report led to an unconstitutional deprivation of life, liberty, or property

17) in the context of failure to train claim against a municipality under 1983, to demonstrate deliberate indifference, a plaintiff is required to submit evidence that defendants knew to a moral certainty that the cit city would confront a given situation, there is a history of not discipli disciplining and the choice or inaction by the city would frequently cause the deprivation of plaintiff rights.

18) The city is vicariously liable negligent acts and intentional torts for unlawful stops, frisks, the city is liable for any intentioanl torts

19) failure to train is proven as the need to act is so obvious, and ethe inadequacy of current practices resulted in the deprivation of federal rights thgat the city, police dept., district attorney can be found deliberately indifferent to the need.

20) defendants created practices and policies that gavigan and soares
used to pursue and falsely charge plaintiff and that soares and kroff
failed to superviise and disciclpline the agents he used to investigate
criminal charges against plaintiff.

21 the city of albany and albany county exercised deliberate indifference to h
his false arrest by enforcing a blanket policy created by the prosecutor
and police chief to allow albany police to conduct stop-frisks, unlawful
cavity searches, and file perjurous reports without conducting a thorough
investigation to determine whether the actions taken by the arresting
agents were lawful resulting in plaintiff being frisked unlawfully and
arrested on false charges. Upon assignment of counsel to help subpeona
the neccessary records it can be shown that the blankey policy was so
widespread to have the force of law as required to show a municipal custom.

22) failure to supervise and discipline led to created policy

23) Plaintiff also brings a civil rico claim against the defendants as
there actions constitutes a pattern of racketeering activity and all
defendant maintained a interest to intentionally deprive plaintiff of
his constitutional rights. The other defendants participated and condone
said activites by failing to discipline or supervise., 18 usc section 1961
for the rico act.

24) Denial of due process, equal protection, indifference, malicious
abuse of process, conspiracy to violate my civil rights

25) What steps did the city take since 2008 when officer bonanni was
never disciplined for perjury see lewis v. city of albany. In that acse
the city failed to produce any record of the resolution of the criminal
or departmental perjury charges. Therefore the city created a blanket
policy that allowed gavigan to committ perjury against plaintiff.

26) at least in lewis v. city the city of albany, the city was put on]
notice that officers commit perjury as a special prosecutor brought
perjury charges against bonanni and another officer. So in 2008 two
albany police officers committed perjury.

27) What steps did the city thereafter take to prevent an innocent
defendant from being charged and convicted solely based upon perjury
from a corrupt cop.

28) this was a policy of deliberate indifference to acts of misconduct
such as arrests or seizures of citizens without probable cause,
stop-frisks absent probable cause, cavity searches absent a warrant or
probable cause, filing of perjured police reports absent probable cause
thereby permitting ratifying or tacitly encouraging the seizure or arre
arrest of citizens absenty probable cause, a failire to triam police
officers to investigate or ascertain that probable cause exists before
an individual is seized or stop-frisks; and seizing and otherwise
discriminating against black individual on less than probable cause
29) the defendants city of labany had actual or constructive knowledge
of all officers propensity to violate the constitutional or statutotry
rights of individuals and took no steps to prevent the recurrence.

30) upon information and belief, there has been neither civil nor
criminal investigation nor prosecution undertaken by any member, agent,
servant or employee of defendant albany police dept. or city of albany
with respect to any of the acts of defendants described herein thereby
created a blanket policy to condone this behavior.
31) Upon information and belief, the refusal to correct the violation o
of  plaintiffs constitutional rights and/or the ratification thereof
was undertaken pursuant to an agreement between the defendants to protect
one another from civil or criminal liability for the commission of
illegal acts.
32 The aboved-described agreement by and between defendants to protect
one another from civil liability or criminal prosecution for the commission
of illegal acts was enetered into pursuant to an offical policy or
custom of the city of albany and/or police dept. or their agents,
servants or employees.
33) The aboved described agreement by and between defendants to protect
one another from civil liability or criminal prosecution for the
commission of illegal acts was enetered into pursuant to section
18 usc section 1961 of the rico act.
34) Gavigan committed perjury in 2011 in henry v. city of albany as
he intentionally and viciously broke a plaintiff ankle or covered it
up due to this policy and agreement under the rico and the albany police
and city were again put on notice as they had to pay out money.

35) At all times material to this complaint, all named defendants and John doe's acted under color of the statutes, customs, ordinaces, and usage of the state of New York, City of Albany, County of Albany, Albany Police Department, Niskayuna police department, Town of Niskayuna, County of Schenectady.

36) As a result of all defendants concerted unlawful and malicious abuse of process all defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff rights, deprived plaintiff of his rights to equal protection, due process of law, and impeded the due course of justice in violations of the fourth, fifth, and fourteenth amendments of the Constitution of the united states and 42 USC section 1983.

37) Plaintiff demands judgement against all named defendants, jointly and severally, for compensatory damages in the amount 50 million dollars and further demands judgement against all named defendants jointly and severally, for punitive damages in the amount of 100 million dollars, plus the costs of this action and such other relief as the court deems just and equitable.

38) Acting under color of law and pursuant to offical policy or custom all defendants named and john does, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff rights, failed to instruct, supervise, control or discipline on a continuing basis All named albany police officers in their duties to refrain from Unlawfully and maliciously harrassing a citizen who was acting with his constitutional and statutory rights, privileges, and immunities 2) Unlawfully and maliciously stopping, frisking, or arresting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities (3) Unlawfully and maliciously searching the private areas of a citizen in the public without a warrant or probable cause to do so (4) unlawfully and maliciously using excessive force by tackling a citizen without probable cause or a warrant to do so (5) Conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the constitution and laws of the united states and laws of the state of new york otherwise depriving plaintiff of his constitutional and statutory rights, privileges and immunities.

39) All named defendants and john does had knowledge or, had they
diligently exercised their duties to instruct, supervise, control, and
discipline on a continuing basis, should have had knowledge that the
wrongs conspired to be done, as heretofore alleged, were about to be
committed. All named defendants and john does had power to prevent or
aid in preventing the commission of said wrongs, could have done so
by reasonable diligence, and knowingly, recklessly, or with deliberate
and callous disregard of plaintiff rights and failed to do so.

40) Defendants City of albany, albany police chief, albany district
attorney, county of albany,, all directly or indirectly, under color
of law, approved or ratified the unlawful, deliberate, malicious,
reckless, and wanton conduct of the defendant police officers described.
As a direct result and proximate cause of the acts of defendants, plaintiff
suffered extreme mental anguish, humilation, loss of income, loss of
liberty, invasion of his private areas in connection with the deprivation
of his constitutional and statutory rights guaranteed by the foruth, fifth
and fourteenth amendments of the united states constitution.

41) This is a civil action seeking damages against the defendants for
committing acts under color of law, and depriving plaintiff of rights
secured by the constitution, while acting in their capacities as police
officers in the city of albany and town of niskayuna police department
wehre defendants deprived plaintiff of his liberty without due process
of law, made an unreasonable search and seizure of the person and property
of plaintiff thereby depriving plaintiff of his rights, privileges and
immunities as guaranteed by the fourth amendment.

42) Defendant John Does and others not presently known to plaintiff
were, at all times material to this complaint, duly appointed police
officers of sherriffs.

43) Plaintiff hereby sues each and every defendant both in their
offical and individual capacities.

44) Defendants illegal search and abuse of palintiff, committed
intentionally, either with malice or without malice, deprived palintiff
of his rights to be free from unreasonable searches and seizures.

45) This plaintiff further argues that the albany county jail and
schenectady county jail admission policy in which palintiff was forced
to undress and spread apart his rectal and lift up his penis was

without justification as there was no reason to believe that weapons or contraband was being concealed on or in the body and therefore violated plaintiff constitutional rights. Plaintiff submits that admission policy at the albany county jail and schenectady county jail or police station house visual body cavity searches is unlawful and violates the plaintiff rights under the NYS and US Constitution. The plaintiff further submits that searches of his private areas in the public or on interstate I-90 violates the NYS and US constitution. These searches caused significant emotional distress, humiliation, great indigities, ridicule, greatly injured plaintiff character, violated plaintiff religious rights by placing hands in plaintiff underwears, and caused plaintiff to suffer much pain in mind and body. These unlawful visual body cavity searches or other searches was done in the absence of any articulable reasonable suspicion to believe that plaintiff was harboring contraband on his person. That the interest in human diginity and privacy, which the 4th amendment protects forbids any such intrusion on the mere chance that desired evidence might be obtained.

46) The unlawful GPS tracking on plaintiff vehicle or cellphone was done without a warrant. Plaintiff have a reasonable expectation of privacy that his every move for over 9 months will not be continuously and indefinitely monitored by any technical device on his vehicle or cell phone without his knowledge**(People v. Weaver 12 NY3d 433(2009); U.S. v. Jones, 132 S.CT. 945(2012).** The massive invasion of privacy entailed by the prolonged over 9 month use of a vehicle or cell phone tracking device is inconsistent with even the slightest reasonable expectation of privacy.

47) The wrongful conduct alleged herein in regards to the admission visual body cavity searches has been conducted generally upon all members of the plaintiff class in that the strip searches were conducted pursuant to a long-established plan, policy, or procedure of the albany county sherriff, schenectady county sherriff, and albany police dept.

48) The acts and ommissions alleged by defendants were committed with deliberate indifference towards the well being and rights of plaintiff.

49) All of the acts and ommissions alleged herein by defendants were committed intentionally and purposely because of plaintiffs race.

50) Defendants owed plaintiff a ministerial, operational, and non discretionary duty to take reasonable precautions to protect plaintiff from perjury, unlawful arrests, stops, frisks, visual cavity searches, excessive force, searching of both private areas, CPL 100.40, CPL 100.15 requirements, and discrimination that can be reasonably anticipated. As a result the defendants negligence was done in bad faith. Defendants were negligent in failing to adequately train and supervise their employees and subordinates. Defendants negligent failure to train and supervise was done in bad faith.

51) Defendants city of albany and defendants county of albany is liable for failing to supervise judges in accordance with plaintiff due process liberty rights in regards to rubber stamping accusatory instrument that fail to meet the requirements of CPL 100.40 and CPL 100.15 and therefore jurisdictionally defective. Likewise these defendants are liable for allowing the assigned attorneys to get away without challenging said accusatory instruments.

52) Defendants City of Albany, County of Albany, Defendant albany police chief failed to take any steps since Lewis v. City of Albany, 547 F.Supp.2d 191(2008) when albany police officer William Bonanni committed perjury. The failure to take action or discipline led to Defendant Scott Gavigan committing perjury in Henry v. City of Albany, (2011) not only was perjury committed but the plaintiff ankles were broken. The failiure on behalf of the defendants to discipline or hold accoutable has led to the filing of perjurous arrests reports and stop or frisks in Morris v. Martin (2016) now pending. There is another case pending in regards to scott gavigan and members of his unit caught on video searching a residence without a warrant. There is a cancer spreading in the albany police department and the policy is clear that perjury and unlawful stops or frisks in the absence of probable cause is permiited as no one is never held accoutable. Take a look at Salmon v. Blesser(2014) Also back in Keyes v. City of albany(1984) a warrantless search.

53) The defendants deprived the plaintiff of rights of color of law.

54) If counsel and a private investigator was assigned to plaintiff there will be countless cases to establish a pattern and well known poklicy to violate plaintiff constitutional rights.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

For the unlawful admission visual body cavity searches conducted on various dates at the schenectady county jail by various defendants Plaintiff seeks 47 million dollars in damages.

### SECOND CAUSE OF ACTION

For the unlawful admission visual body cavity searches conducted on various dates at the albany county jail by various defendants Plaintiff seeks 33 million dollars in damages.

### THIRD CAUSE OF ACTION

For the unlawful precint visual cavity body searches conducted on various dates, by various defendants at the albany police station Plaintiff seeks 27 million dollars in damages.

### FOURTH CAUSE OF ACTION

For the 8-14-14, unlawful gun point stop, arrest or frisk, forcible touching of both private areas in the public, excessive force, and legal abuse of process, Plaintiff seeks 77 millions dollars in damages against the albany police involved.

### FIFTH CAUSE OF ACTION

For the 10-13-14, unlawful gunpoint arrest, stop, or frisk, forcible touching of both private areas, sexual assualt, excessive force, and abuse of legal process, Plaintiff seeks 77 millions dollars in damages against the albany police invilved.

### Sixth CAUSE OF ACTION

For unlawfully tracking Plaintiff every move for over 9 months with out a warrant Plaintiff seeks 44 million dollars in damages against the albany police for intentionally violating clearly established law and plaintiff rights.

### SEVENTH CAUSE OF ACTION

## SEVENTH CAUSE OF ACTION

Like wise for the unlawful tracking of plaintiff every move for over 9 months without a warrant plaintiff request 100 million dollars for intentionally violating clearly established law as to all defendants

## EIGHTH CAUSE OF ACTION

For the 12-28-2013, excessive force for unlawfully tasering plaintiff while handcuffs plaintiff seeks 150 million dollars against defendant scp 065 the schenectady county sherriff department

## NINTH CAUSE OF ACTION

For the October 13, 2014 and August 14, 2014, touching of palintiff private parts plaintiff seeks 200 millions dollars.

## Tenth Cause of Action

For all the claims raise herein this court should award punitive damages in an amount to punish the defendants and deter others from committing the constitutional violations alleged herein.

8.    **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

_see typed pages_

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _9-23-2016_

_[signature]_

Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010